IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| MENDELL COWART, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Case No.: 1:13-cv-181 (WLS) |
| : | |
| BELK'S DEPARTMENT STORE OF : | |
| ALBANY, GEORGIA, : | |
| : | |
| Defendant. : | |
| : | |

## ORDER

Before the Court are Mendell Cowart's Motion for Leave to Amend Complaint (Doc. 10) and Motion to Remand (Doc. 12). Cowart's Motion for Leave to Amend is **GRANTED in part** and **DENIED in part**. Her motion to remand is **DENIED**.

## PROCEDURAL BACKGROUND

Plaintiff Mendell Cowart (Cowart) filed this premises liability case on September 27, 2013, in the Superior Court of Dougherty County, Georgia, against Belk, Inc.,[1] (Belk) for claims arising from a personal injury at the defendant's department store in Albany, Georgia. Cowart claims she was struck by a loose mannequin while shopping. Because of Belk's alleged negligence, Cowart contends she "suffered injuries to her head, back, legs, neck, and she also lost a tooth." She "has incurred medical and hospital expenses in an amount of at least Five Thousand Eight Hundred Eighty Three . . . ($5,883.00) Dollars plus present and future pain and suffering in an amount to be proved at trial but at least One-Hundred Thousand . . . ($100,000) Dollars." Further, her complaint's ad damnum clause requests "[j]udgment in the amount of at least" $105,883.

On November 18, 2013, Belk removed to this Court on the basis of diversity jurisdiction under 28 U.S.C. §§ 1332, 1441(a). The Notice of Removal states that Belk is in-

---

[1] Cowart misnamed Belk in her complaint as "Belk's Department Store of Albany, Georgia."

corporated and keeps its principal place of business in North Carolina. Further, Cowart is not a citizen of North Carolina and requests more than $75,000 in damages. After removal, on November 19, 2013, Belk filed an answer to the Complaint and an amended notice of removal.

Cowart responded to the removal in two ways. First, on December 6, 2013, she filed a Motion for Leave to Amend Complaint. Cowart's amendment seeks to correct the defendant's name in complaint and to reduce her request for pain and suffering to $50,000 instead of $100,000. Such a change is warranted, according to Cowart, because the removal "is calculated to defeat Plaintiff's substantive rights under Georgia law, and the right of plaintiff to choose her place of venue."

Second, Cowart filed a motion to remand, asserting that she pursues only Georgia law claims and that Belk failed to prove to a "legal certainty" that the amount in controversy exceeds $75,000.

Belk, in response, urges the Court to deny Cowart's motion to remand. Per Belk, Cowart's motion to amend is an artifice to oust the Court of jurisdiction. Belk contends that the Court must assess subject matter at the time of removal and that subsequent events do not divest the Court of jurisdiction. The defendant also argues the preponderance of the evidence establishes Cowart seeks more than the jurisdictional amount.

## DISCUSSION

Cowart argues the Court lacks jurisdiction because the amount in controversy is less than $75,000. This argument and Cowart's attempt to reduce the amount in controversy are unavailing.

To begin with the basics, the United States Code allows a defendant to remove from state court any civil action over which a federal court would have original jurisdiction. 28 U.S.C. § 1441(a). When a defendant removes on the basis of diversity jurisdiction, it has the burden of showing both that the parties are completely diverse and that the amount in controversy exceeds $75,000. *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 971–72 (11th Cir. 2002). Jurisdictional facts are assessed at the time of removal. *Vega v. T-*

*Mobile USA, Inc.*, 564 F.3d 1256, 1268 n.12 (11th Cir. 2009). Post-removal events reducing the amount in controversy do not divest a court of jurisdiction. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289–90 (1938); *Fuller v. Exxon Corp.*, 78 F. Supp. 1289, 1295 (S.D. Ala. 1999) ("Thus, once jurisdiction attaches, a plaintiff cannot divest a federal court of jurisdiction by later decreasing his claim for damages below the jurisdiction minimum.").

Therefore, the Court must assess jurisdiction from Cowart's pre-removal complaint. *See Red Cab*, 303 U.S. at 291–92. And where the plaintiff's complaint specifies an amount in controversy in good faith, that amount controls unless it appears to a legal certainty that the amount in controversy is actually less than the jurisdictional amount. *Id.* at 289; *Leonard*, 279 F.3d at 972. "[W]hen the complaint seeks damages exceeding $75,000, a removing defendant may rely on the plaintiff's valuation of the case to establish the amount in controversy unless it appears to a legal certainty that the plaintiff cannot recover the amount claimed." *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1315 (11th Cir. 2002) (citing *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 375 (9th Cir. 1997)).

In her complaint, Cowart claims she suffers from injuries to her head, back, legs, and neck, and she lost a tooth. She therefore requested "at least" $105,883 in damages. This figure included $5,883 in medical expenses, plus $100,000 for a lifetime of pain and suffering. Nothing in the record indicates that Cowart made this request in bad faith. To the contrary, because Cowart filed her claim in state court and wants to litigate it there, there is a "strong presumption" she did not claim a larger amount to confer jurisdiction on this Court. *See Mitchell*, 294 F.3d at 1315. Given these allegations, it does not appear to a "to a legal certainty" that Cowart cannot recover more than $75,000.

For those reasons, the motion to remand must be denied. In addition, because post-removal events cannot divest the court of jurisdiction, *see supra*, Cowart's motion to amend is denied in part as futile to the extent it seeks to change the amount in controversy.

## CONCLUSION

Cowart's motion to remand (Doc. 12) is **DENIED**. Her motion to amend is **GRANTED in part** and **DENIED in part** as follows: Cowart may file an amended complaint correcting Belk's name in the pleading. It is denied to the extent the amendment seeks to change the amount in controversy.

**SO ORDERED**, this  11th   day of February, 2014.

                                                   /s/ W. Louis Sands
                                              **W. LOUIS SANDS, JUDGE**
                                              **UNITED STATES DISTRICT COURT**